IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DR. NOEL J. VARGAS PEREZ,

Plaintiff,

v.

HON. DOUGLAS A. COLLINS, SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS,[1]

Defendant.

CIVIL NO. 25-1066 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Dr. Noel J. Vargas-Pérez ("Plaintiff") filed the present suit against Douglas A. Collins, in his official capacity as the Secretary of the Department of the Veterans Affairs ("Defendant"), for alleged violations of Plaintiff's constitutional rights of free speech, liberty, and deprivation of property, under the First and Fifth Amendments of the United States Constitution. Plaintiff alleges that on August 25, 2023, he was dismissed from his permanent employment as a physician at the Veteran's Administration Hospital in Puerto Rico for exercising his right to free speech and without due process of the law. Plaintiff seeks damages, back pay, reinstatement and attorney's fees, among others. (Docket No. 5).

Before the Court is the United States of America's ("United States") "Motion for Judgment on the Pleadings and Motion to Dismiss for Lack of Subject Matter

---

[1] When this case was filed, Denis Richard McDonough was Secretary of the Department of Veterans Affairs. Douglas A. Collins was sworn in as head of said agency on February 5, 2025. Therefore, Secretary Collins is automatically substituted as a Defendant in this case. See Fed. R. Civ. P. 25(d). The United States appeared on his behalf. (Docket No. 6).

Dr. Noel J. Vargas Pérez v. Hon. Douglas A. Collins
Civil No. 25-1066 (CVR)
Opinion and Order
Page 2
_____

Jurisdiction" ("Motio to Dismiss") in which it moves the Court to dismiss the Amended Complaint based on sovereign immunity and claims that all of Plaintiff's constitutional causes of action and damages are barred by the Federal Tort Claims Act ("FTCA") 28 U.S.C.A. § 2671, *et seq*. As a second reason for dismissal, it proffers that, even assuming that Plaintiff was a permanent employee,[2] he failed to exhaust administrative remedies, which is a prerequisite to filing suit in this forum. Alternatively, on the merits of the claims, it argues Plaintiff cannot succeed on his First Amendment claim since his alleged speech did not constitute protected speech under the law. (Docket No. 37).

Plaintiff concedes in his Opposition that sovereign immunity "bars Plaintiff's claims for compensatory damages" but argues instead that "this shield does not extend to the federal employees that engaged in misconduct" and that the Court must use its inherent power to impose sanctions to maintain the integrity of this case. (Docket No. 48, p.1). To this effect, Plaintiff proffers that Defendant has allegedly engaged in fraud to the Court by submitting an altered federal form in support of its previously filed "Motion to Dismiss and Memorandum of Law in Support" (Docket No. 11) which was intended to influence the outcome of this case. Plaintiff asserts these alterations of the document's content are visually recognizable and he previously sought an order to compel forensic examination and further discovery of Defendant's electronic evidence. (Docket No. 36).

In turn, the United States' Reply urges the Court to treat its Motion to Dismiss as unopposed due to Plaintiff's lack of meaningful and substantive opposition. In essence,

_____

[2] One of the United States' defenses in this case is that Plaintiff's appointment was temporary, not permanent.

Dr. Noel J. Vargas Pérez v. Hon. Douglas A. Collins
Civil No. 25-1066 (CVR)
Opinion and Order
Page 3
_____

the United States contends Plaintiff failed to oppose the merits of its legal arguments in support of dismissal and has therefore waived any such opposition.  (Docket No. 51).

## ANALYSIS

The Court gives this case a short shrift. Plaintiff admits sovereign immunity bars his claims.  Thus, the Court's inquiry begins and ends there.

Federal courts are courts of limited jurisdiction.  Therefore, they can act only where the Constitution and Congress endow them with some affirmative ground to do so. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); U.S.I. Props. Corp. v. M.D. Const. Co., 230 F.3d 489, 499 (1st Cir. 2000).  Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suits and damages. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Loeffler v. Frank, 486 U.S. 549, 554 (1988); Federal Housing Administration v. Burr, 309 U.S. 242, 244 (1940).  Sovereign immunity is jurisdictional in nature, and the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."  United States v. Sherwood, 312 U.S. 584, 586 (1941).

Even though Plaintiff concedes that sovereign immunity forecloses his claims,  he devotes his Opposition to asking the Court to sanction Defendant and its counsel for alleged misfeasance instead of addressing the Motion to Dismiss on the merits. This seems to be a smoke screen to avoid the elephant in the room, to wit, that Plaintiff's claims are barred. [3]  The Court does not need to resolve the alleged misfeasance to decide the

_____

[3] Plaintiff failed to provide any discussion in support of the merits of any of his claims, resulting in automatic waiver. United States v Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Dr. Noel J. Vargas Pérez v. Hon. Douglas A. Collins
Civil No. 25-1066 (CVR)
Opinion and Order
Page 4
_____

United States' Motion to Dismiss on the merits. As such, it declines to do so.[4]   United States v. McGlashan, 78 F.4th 1, n. 2 (1st Cir. 2023) ("[T]he cardinal principle of judicial restraint - if it is not necessary to decide more, it is necessary not to decide more - counsels us to go no further.") (quoting PDK Lab'ys, Inc. v. U.S. Drug Enf't Admin., 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring); Cool Light Co. v. GTE Prods. Corp., Civil No. 86-2668-K, 1991 WL 417527, at *1 (D. Mass. Dec. 11, 1991) (noting that it was not the court's function to make findings on disputes that do not affect the outcome of the case).

## CONCLUSION

In view of the foregoing, the United States' "Motion for Judgment on the Pleadings and Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Docket No. 37) is GRANTED. Consequently, this case is DISMISSED WITH PREJUDICE.

All other pending motions in this case are MOOT.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 14th day of April 2026.

> S/CAMILLE L. VELEZ-RIVE
> CAMILLE L. VELEZ RIVE
> UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff is free to file any action he deems appropriate, including any ethical claims, in the suitable administrative forum.